IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES ANTHONY PRICE, # 188095,    )
                                  )
            Petitioner,            )
                                  )
     v.                            )    Civil Action No. 1:13cv921-WHA
                                  )              (WO)
CHERYL PRICE, *et al.*,            )
                                  )
            Respondents.           )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate James Anthony Price ("Price").  *Doc. No. 1.*[1]

## I.    BACKGROUND

On April 1, 2009, a Houston County jury found Price guilty of two counts of robbery

in the first degree, in violation of § 13A-8-41, Ala. Code 1975.  On that same date, the trial

court sentenced Price as an habitual offender[2] to life in prison without parole.

Price appealed, claiming that (1) the trial court erred in allowing testimony regarding

his statement to police about his prior robbery conviction; (2) the trial court erred in denying

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.
Page references are to those assigned by CM/ECF.

[2] In sentencing Price under Alabama's Habitual Felony Offender Act, § 13A-5-9, Ala.
Code 1975, the trial court relied on Price's prior Georgia conviction for cocaine possession, for
which he was sentenced to 10 years in prison; his prior Florida conviction for strong-arm
robbery, for which he was sentenced to 3 ½ years in prison; and his prior Alabama conviction
for first-degree robbery, for which he was sentenced to life in prison.  *See, e.g., Resp'ts Ex. 1
(vo1. 1, pt. 1)* at 45.

the defense's requests for a continuance; (3) the State failed to present sufficient evidence to sustain his convictions; (4) the trial court erred in refusing to give several of his requested jury instructions; (5) the trial court erred in denying his challenge for cause on a prospective juror; and (6) the trial court erred in denying his motion to suppress the photographic lineup. *Resp'ts Ex. 2* at 11.  On March 12, 2010, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Price's convictions and sentence.  *Resp'ts Ex. 3.*  Price applied for rehearing, which was overruled on April 2, 2010.  *Resp'ts Exs. 5 & 6.*  On April 21, 2010, the Alabama Court of Criminal Appeals entered a certificate of judgment.  *Resp'ts Ex. 7.*

On March 29, 2011, Price, proceeding *pro se*, filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, in which he asserted the following claims:

1.      His trial counsel rendered ineffective assistance by–

   (a)    withdrawing a request for a preliminary hearing without consulting him;

   (b)    failing to properly investigate the out-of-state convictions used to enhance his sentence under Alabama's Habitual Felony Offender Act ("HFOA");

   (c)    failing to object to the trial court's denial of a sentencing hearing;

   (d)    failing to object to use of his Georgia conviction for cocaine possession to enhance his sentence under Alabama's HFOA when the conduct

underlying the Georgia conviction would not constitute a felony under Alabama law; and

(e)     failing to object to the admission of evidence of his prior bad acts, in violation of Ala.R.Evid. 404(b).

2.     His appellate counsel rendered ineffective assistance by–

(a)     violating Rule 28(a)(10) of the Alabama Rules of Appellate Procedure in his appellate brief; and

(b)     failing to challenge the out-of-state convictions used to enhance his sentence under Alabama's HFOA.

*Resp'ts Ex. 8 (pt.1)* at 11-37.

After receiving a response from the State, the court held an evidentiary hearing at which Price was represented by appointed counsel. *Resp'ts Ex. 8 (pt. 2)* at 51-72. On October 22, 2012, the court entered an order denying Price's Rule 32 petition. *Id*. at 36-37.

Price appealed, reasserting the claims in his Rule 32 petition, except for his claim that his appellate counsel was ineffective for failing to challenge the out-of-state convictions used to enhance his sentence. *Resp'ts Ex. 9*. Following briefing by the parties, the Alabama Court of Criminal Appeals remanded the case for the trial court to make specific findings of fact regarding Price's claims. *Resp'ts Ex. 11*. The court then issued a supplemental record containing an order with specific findings. *Resp'ts Ex. 12* at 6-8. On July 3, 2013, on return to remand, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming the trial court's judgment denying Price's Rule 32 petition. Resp'ts Ex.

3

13.   Holding that Price had failed to satisfy the two-prong test for claims of ineffective

assistance of counsel established by the Supreme Court in *Strickland v. Washington*, 466 U.S.

668 (1984), the state appellate court found:

> Here, it was Price's burden to prove his claims of ineffective assistance
> of counsel.   *Hunt v. State*, 940 So.2d 1041, 1059 (Ala. Crim. App. 2005),
> quoting *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000).
> Price failed, though, to offer any evidence in the circuit court to support his
> claims.   During Price's evidentiary hearing, he did not offer a single witness
> or any exhibits to prove his claims. Instead, he attempted to rely on his petition
> and the arguments of counsel.   However, allegations raised in petitions are not
> evidence, nor are arguments of counsel.   *See Burgess v. State*, 962 So.2d 272,
> 295 (Ala. Crim. App. 2005) ("Burgess made detailed allegations in his petition
> concerning this issue; however, he failed to present any evidence in support of
> this claim at the evidentiary hearing."); *Ex parte Coleman*, 861 So.2d 1080,
> 1084 (Ala. 2003) (quoting *Fountain Finance, Inc. v. Hines*, 788 So. 2d 155,
> 159 (Ala. 2000)).   The dearth of evidence was noted by the circuit court in its
> findings of fact. (C. on Remand 6-7.)  Because Price failed to meet his burden
> of proof on his claims of ineffective assistance of counsel, the circuit court did
> not err in denying relief on those claims.   *Burgess*, 962 So. 2d at 295.
>
> Accordingly, the judgment of the circuit court is affirmed.

*Resp'ts Ex 13* at 3-4.

Price applied for rehearing, which was overruled on September 6, 2013.  *Resp'ts Exs.
14 & 15*.   He then filed a petition for writ of certiorari with the Alabama Supreme Court,
which that court denied on November 15, 2013.  *Resp'ts Exs. 16 & 17.*   A certificate of
judgment was entered that same date.  *Resp'ts Ex. 17.*

On December 4, 2013 (*Doc. No. 1*), Price initiated this habeas action by filing a
§ 2254 petition asserting the following claims:

1.      He did not abandon any claims on appeal from the trial court's

denial of his Rule 32 petition, and all of his claims are properly before this court, because his counsel at the evidentiary hearing on his Rule 32 petition stated that he "would stand on his argument and exhibits in the Rule 32 petition"; further, the trial court failed to make specific findings of fact regarding his Rule 32 claims. *Doc. No. 1-1* at 2, 8-9, 42-46.

2.     His trial counsel rendered ineffective assistance by–

     (a)     withdrawing a request for a preliminary hearing (*Doc. No. 1-1* at 7, 10-12, 27-29);

     (b)     failing to investigate, object to, or argue against use of his out-of-state convictions to enhance his sentence under Alabama's HFOA (*Doc. No. 1-1* at 4-5, 13-15, 17-19, 30-31, 34-35);

     (c)     failing to preserve for appellate review a challenge to the lack of a sentencing hearing (*Doc. No. 1-1* at 15-17 & 32-33); and

     (d)     failing to object to the trial court's admission of his prior robbery conviction in evidence at trial (*Doc. No. 1-1* at 6, 20-23, 36-38).

3.     His appellate counsel rendered ineffective assistance by–

     (a)     violating Ala.R.App.P. 28(a)(10) in his appellate brief (*Doc. No. 1-1* at 24-26 & 39-41);

     (b)     failing to challenge use of his Georgia conviction for cocaine possession to enhance his sentence under Alabama's HFOA (*Doc. No. 1-1* at 4-5); and

     (c)     "failing to sufficiently argue regarding jury instructions" and the motion to suppress the photographic lineup (*Doc. No. 1-1* at 7).

The respondents contend that all of Price's claims are procedurally defaulted because

he failed to present them fairly through one complete round of state court appellate review. *Doc. No. 12* at 5-13. After consideration of the parties' submissions, the record, and the pertinent law, the undersigned finds that Price is not entitled to habeas relief because his claims are procedurally barred from federal review; therefore, his § 2254 petition should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

<u>Procedural Default</u>

The respondents contend that Price procedurally defaulted his claims by failing to present them through one complete round of state court appellate review. *Doc. No. 12* at 5-13.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

In Alabama, a complete round of the established appellate review process includes an

appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court.[3]  *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala.R.App.P. 39 & 40.  The exhaustion doctrine requires a habeas petitioner to do more than refer vaguely to possible claims; "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined."  *Kelley v. Sec., Dept. of Corr*, 377 F.3d 1317, 1325 (11th Cir. 2004) (citation omitted); *Hunt v. Comm., Ala. Dept. of Corr.*, 666 F. 3d 708, 730-31 (11th Cir. 2012).  It is not sufficient that all the facts to support the federal claim were before the state courts or that a somewhat similar state law claim was made; to exhaust a claim sufficiently, "petitioners [must] present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation."  *Kelley*, 377 F.3d at 1344-45, citing *Picard*, 404 U.S. at 277.

Here, a review of the record confirms the respondents' contention that none of the claims in Price's § 2254 petition were fairly presented through one complete round of state court appellate review.  As the respondents note (*Doc. No. 12* at 5 & 8-9), Price did not present his initial claim – i.e., his claim that he did not abandon any claims on appeal from the denial of his Rule 32 petition and that the trial court failed to make specific findings of fact regarding his Rule 32 claims (*see Doc. No. 1-1* at 2, 8-9, 42-46) – in his petition for writ

---

[3] The filing of an application of rehearing is a prerequisite for certiorari review by the Alabama Supreme Court. Ala. R.App. P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite for certiorari review by the Alabama Supreme Court.").

of certiorari to the Alabama Supreme Court in his state post-conviction (Rule 32 related)

proceedings.  *See Resp'ts Ex. 16.*  The respondents also correctly observe (*Doc. No. 12* at 5

& 10-12) that Price did not specifically assert any of his claims of ineffective assistance of

trial and appellate counsel (*see Doc. No. 1-1* at 4-41) in the application for rehearing he filed

in the Alabama Court of Criminal Appeals after that court issued its memorandum opinion

affirming the trial court's denial of his Rule 32 petition.[4]  *See Resp'ts Ex. 14.*   Because

federal courts "have required a state prisoner to present the state courts with the same claim

he urges upon the federal courts[,]" *Picard*, 404 U.S. at 275-76, Price's failure to allege and

pursue each of his claims specifically through each level of the state appellate process

renders them unexhausted.

Habeas claims not properly exhausted in the state courts are procedurally defaulted

if presentation of the claims in state court would be barred by state procedural rules.  *Gray*

*v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1

---

[4] As the respondents note, in his application for rehearing Price only questioned the
Alabama Court of Criminal Appeals' interpretation of two Alabama state court cases – *Burgess
v. State*, 962 So.2d 272 (Ala. Crim. App. 2005), and *Ex parte Coleman*, 861 So.2d 1080 (Ala.
2003) – in finding that Price did not present any evidence at the evidentiary hearing on his Rule
32 petition, but instead only "attempted to rely on his petition and the arguments of counsel," and
thus failed to meet his burden of proof to obtain post-conviction relief. *See Resp'ts Ex. 13* at 3-4.
Price did not specifically reassert his various claims of ineffective assistance of counsel in his
application for rehearing, but only questioned the Alabama Court of Criminal Appeals' decision
on the ground that he had attached exhibits to his Rule 32 petition. *See Resp'ts Ex. 14* at 1-4
(application for rehearing); *id*. at 10-16 (brief in support of application for rehearing). While
arguing against the appellate court's alleged misinterpretation of *Burgess* and *Coleman*, Price
questioned the court's application of Ala.R.Crim.P. 32.3, which sets forth the parties' respective
burdens of proof in Rule 32 proceedings.

(1991). Here, no state remedy remains for Price to return to state court to present his unexhausted claims; any attempt now to present his claims in state court would be barred under state procedural rules. An attempt by Price to raise his claims in another Rule 32 petition would be successive and untimely. *See* Ala.R.Crim.P. 32.2(b), (d), 32.2(c). Consequently, all claims in his § 2254 petition are procedurally defaulted.

<u>Exceptions for Procedurally Defaulted Claims</u>

This court may reach the merits of a procedurally defaulted claim only in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

*Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

*Cause and Prejudice*

Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). In this context, to establish prejudice, a petitioner must show that the errors at trial

worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494. Price, however, asserts no grounds as cause for the procedural default of his claims.[5]

*Actual Innocence*

Demonstrated actual innocence may trump a procedural bar in a habeas proceeding to provide a gateway to federal review of an otherwise defaulted § 2254 claim. *See Murray*, 477 U.S. at 495-96; *Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

As the Supreme Court in *Schlup* observed:

--------------------------------------------

[5] The holding in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), does not apply to Price's procedurally defaulted claims, because his defaults occurred either when he failed to present claims properly in the application for rehearing he filed in the Alabama Court of Criminal Appeals after that court issued its memorandum opinion affirming the trial court's denial of his Rule 32 petition, or in the petition for writ of certiorari he filed in the Alabama Supreme Court in the appellate proceedings on his Rule 32 petition. *Martinez* is limited to defaults of claims of ineffective assistance of trial counsel that occur *at the Rule 32 court level. See Martinez*, 132 S. Ct. at 1319-20.

10

[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare... . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Price points to no new reliable evidence, as required by *Schlup*, to support his claim that he is actually innocent of the offense of which he was convicted.  Consequently, the actual innocence exception provides no gateway for review of his procedurally defaulted claims, and his claims are foreclosed from federal habeas review.[6]

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

---

[6] Price appears to argue that this court must excuse his procedural default to prevent a miscarriage of justice because he is actually innocent of the enhanced sentence he received under Alabama's HFOA. *Doc. No. 19* at 1-2.  He predicates this argument on his assertion that his prior out-of-state convictions were improperly used to enhance his sentence under the HFOA. He contends, therefore, that he received an illegal sentence and that his petition sets forth a "jurisdictional claim" that overcomes application of the procedural default bar. *Id*. Price presents no new evidence that satisfies *Schlup*'s standard. Rather, he makes a purely legal – and conclusory – argument that focuses on the State's supposed procedural failings under Alabama's HFOA.  He does not contend that he did not actually commit the prior felony offenses. "In other words, he makes no claim of factual innocence of the predicate offense[s]." *McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011).  The court also notes that Price wholly fails to set forth facts establishing that his Georgia conviction for cocaine possession was based on conduct that would not constitute a felony under Alabama law. On this record, the actual innocence exception does not save any of Price's claims from the procedural default bar.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before March 1, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 16th day of February, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE