IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY PRICE, # 188095, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13cv921-WHA |
| | ) | (WO) |
| LEON BOLLING, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In an opinion of the United States Court of Appeals for the Eleventh Circuit entered on June 27, 2017 (Doc. No. 39)[1] (mandate issued July 26, 2017 (Doc. No. 43)) (*James Anthony Price v. Warden, et al.*, No. 16-12174), this court's April 24, 2014 judgment denying petitioner James Anthony Price's § 2254 habeas corpus petition was affirmed in part and vacated and remanded in part (Doc. No. 31). The Eleventh Circuit held that this court erred in finding that Price had failed to exhaust his state court remedies for various claims of ineffective assistance of counsel alleged in his § 2254 petition. Doc. No. 39 at 4–5. On those claims, the Eleventh Circuit vacated this court's judgment and remanded for further proceedings. *Id*. at 6. Herein, the court considers the merits of Price's ineffective assistance claims. For the reasons that follow, the undersigned recommends that Price's §

---

[1] Document numbers ("Doc. No.") are those assigned by the clerk of court in this civil action. Page references are to those assigned by CM/ECF.

2254 petition be denied without an evidentiary hearing and this case be dismissed with prejudice.

## I.   BACKGROUND

In April 2009, a Houston County jury found Price guilty of two counts of robbery in the first degree, in violation of § 13A-8-41(a)(1), Ala. Code 1975.  Doc. No. 12-1 at 102–03.  The trial court sentenced Price as a habitual offender to life in prison without parole.  *Id*. at 104–07.  In sentencing Price under Alabama's Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975, the trial court relied on Price's 1987 Georgia conviction for cocaine possession, his 1988 Florida conviction for strong-arm robbery, and his 1996 Alabama conviction for first-degree robbery.  *Id*. at 45–88; Doc. No. 12-1 at 84–87.

Price's convictions and sentence were affirmed on direct appeal.[2]  Doc. No. 12-10. In March 2011, Price filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure asserting claims of ineffective assistance of trial and appellate counsel.  Doc. No. 12-14 at 11–60.  The trial court denied Price's Rule 32 petition in May 2013 following an evidentiary hearing.  *See* Doc. No. 12-15 at 36–37 & 51–72; Doc. No. 12-19 at 6–8.  Price appealed that decision and, after remanding the case for the trial court to make findings of fact on each of Price's claims (*see* Doc. No. 12-19 at 4–8), the Alabama Court of Criminal Appeals affirmed the trial court's judgment by

---

[2] On direct appeal, Price argued that (1) the trial court erroneously denied his motion *in limine* to prevent a police officer from testifying about Price's statement regarding a prior robbery; (2) the trial court erred in denying his request for a continuance; (3) the State's evidence was insufficient to support his convictions; (4) the trial court erred in refusing to give twenty-one of Price's requested jury instructions (5) the trial court erred in denying his challenge for cause as to a prospective juror; and (6) the trial court erred in denying his motion to suppress a photographic lineup.  *See* Doc. Nos. 12-8 & 12-10.

memorandum opinion issued on July 3, 2013 (Doc. No. 12-20).  Price's application for rehearing was overruled, and the Alabama Supreme Court denied his petition for writ of certiorari.  Doc. Nos. 12-22 & 12-24.

In his § 2254 petition filed on December 4, 2013 (Doc. No. 1), Price asserts several claims of ineffective assistance of trial and appellate counsel, each of which he raised in his Rule 32 petition.  Specifically, Price claims that his trial counsel provided ineffective assistance by (1) withdrawing a request for a preliminary hearing without his consent (Claim One); (2) failing to investigate and challenge the use of his out-of-state convictions to enhance his sentence under Alabama's Habitual Felony Offender Act (Claim Two); (3) failing to object to and preserve for appeal a challenge to the trial court's failure to hold a sentencing hearing (Claim Three); (4) failing to object to the use of his Georgia conviction for possession of cocaine to enhance his sentence because that conviction would not have constituted a felony under Alabama law (Claim Four); and (5) failing to object to the admission of prior bad act evidence regarding his prior robbery conviction (Claim Five).  Furthermore, Price claims that his appellate counsel rendered ineffective assistance by violating Ala.R.App.P. 28(a)(10) in preparing his appellate brief, thereby waiving Price's claims about the trial court's failure to give his requested jury instructions and its denial of his motion to suppress a photographic lineup (Claim Six).[3]

---

[3] Price also presents a claim (Claim Seven), that his appellate counsel rendered ineffective assistance by failing to challenge the use of his Georgia conviction for possession of cocaine to enhance his sentence under Alabama's Habitual Felony Offender Act.  In its June 27, 2017 opinion, the Eleventh Circuit held that this court correctly found that Price failed to exhaust Claim Seven in the state courts because Price did not raise the claim in his Rule 32 appeal and state procedural rules would bar any attempt by Price to raise

(continued…)

In its July 2103 memorandum opinion affirming the trial court's denial of relief on ineffective assistance claims one through six in Price's Rule 32 petition, the Alabama Court of Criminal Appeals held that Price failed to meet his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), of demonstrating both deficient performance by counsel and prejudice resulting from that deficient performance.  Doc. No. 12-20 at 3–4.  The respondents argue that the state court's resolution of Price's claims on the merits was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Doc. No. 41 at 11–13.

## II.   DISCUSSION

### A.   Habeas Review of Claims Adjudicated on Merits by State Court

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief."  *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010).  To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts,

---

the claim in a second Rule 32 proceeding.  Doc. No. 39 at 6.  Accordingly, the Eleventh Circuit affirmed this court's decision finding Price's Claim Seven to be procedurally barred from federal habeas review.  *Id*. For this reason, Claim Seven is not discussed below in this Recommendation.

in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 and 412–13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404–06; *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407.

"Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).  The reviewing court "must determine what arguments or theories supported or … could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court

decisions be given the benefit of the doubt.'"  *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'"  *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (citation omitted) (alteration in original). A state court's determination of fact is "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## B.    Ineffective Assistance of Counsel

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel.  U.S. Const., amend. VI.  *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance.  466 U.S. at 687.  This requires showing both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.*  The petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

An ineffective assistance of counsel claim is examined under the "totality of the circumstances." *House v. Balkcom*, 725 F.2d 608, 615 (11th Cir.1984). An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985). A federal court must apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen,* 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at 691).

"'Conclusory allegations of ineffective assistance are insufficient.'" *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). Moreover, "[b]ecause both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted). *See also Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) ("A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one.").

Because the state court ruled on the merits of Price's ineffective assistance claims one through six, this court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*,

134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

### 1. Claim One (Preliminary Hearing)

Price claims, as he did in his state Rule 32 petition, that his trial counsel rendered ineffective assistance by withdrawing a request for a preliminary hearing without his consent. *See* Doc. No. 1 at 8; Doc. No. 1-1 at 3, 10–12 & 27–29.

The trial court held an evidentiary hearing on Price's Rule 32 petition on September 6, 2012. Doc. No. 12-15 at 51–72. Price was represented by appointed counsel at the evidentiary hearing. In its May 16, 2013, order making specific findings on the ineffective assistance of counsel claims in Price's Rule 32 petition and denying relief, the trial court stated that Price failed to present any evidence at the evidentiary hearing to substantiate his claim that his trial counsel withdrew his request for a preliminary hearing without consulting Price. Doc. No. 12-19 at 6. Accordingly, the trial court found there was no factual basis for Price's claim. *Id.* In affirming the trial court, the Alabama Court of Criminal Appeals held that Price had not satisfied the two-prong standard in *Strickland* requiring him to demonstrate deficient performance by counsel and resulting prejudice. *See* 466 U.S. 687. Doc. No. 12-20 at 3.

Regarding this and all of Price's ineffective assistance claims, the Alabama Court of Criminal Appeals stated:

> Here, it was Price's burden to prove his claims of ineffective assistance of counsel. Price failed, though, to offer any evidence in the circuit court to support his claims. During Price's evidentiary hearing, he did not offer a single witness or any exhibits to prove his claims. Instead, he attempted to rely on his petition and the arguments of counsel. However, allegations raised

> in petitions are not evidence, nor are arguments of counsel. The dearth of evidence was noted by the circuit court in its findings of fact. Because Price failed to meet his burden of proof on his claims of ineffective assistance of counsel, the circuit court did not err in denying relief on those claims.

Doc. No. 12-20 at 3–4 (citations omitted).

As indicated above, the trial court found that Price presented no evidence at the Rule 32 evidentiary hearing to substantiate his claim that his trial counsel withdrew a request for a preliminary hearing without consulting Price. A review of the transcript of the evidentiary hearing supports this finding by the trial court. *See* Doc. No. 12-15 at 51–72. And, although Price cites to case law containing general propositions about the possible value preliminary hearings may have for criminal defendants, he fails to explain what he intended a preliminary hearing to accomplish in his case, and he does not suggest in any way how a preliminary hearing would have assisted in his defense. *See* Doc. No. 1-1 at 10–12 & 27–29. For purposes of the second prong of *Strickland*, Price wholly fails to make a showing of how the lack of a preliminary hearing prejudiced him. Consequently, his ineffective assistance of counsel claim fails. The state court reasonably determined that Price failed to establish prejudice resulting from his counsel's alleged deficient performance in Claim One. Because the state court's decision was reasonable and consistent with *Strickland*, Price is not entitled to habeas relief on this claim. *See* 28 U.S.C. § 2254(d)(1).

## 2.   Claim Two (Certification of Out-of-State Convictions)

Price claims that his trial counsel rendered ineffective assistance by failing to investigate and challenge the use of his out-of-state felony convictions from Georgia and Florida to enhance his sentence under Alabama's Habitual Felony Offender Act

("HFOA").  Doc. No. 1 at 8; Doc. No. 1-1 at 4–5, 13–15 & 30–31.  According to Price, the

records from his Georgia and Florida convictions submitted by the State to support the

HFOA enhancement failed to comply with the certification requirements under Alabama

law for proving out-of-state convictions set forth in § 12-21-70, Ala. Code 1975, and

Ala.R.Civ.P. 44(a)(1).[4]  Doc. No. 1-1 at 4–5, 13–15 & 30–31.

> Section 12-21-70, Ala. Code 1975, provides in pertinent part:
>
> The record and judicial proceedings of the courts of any state or territory or
> of any such country shall be proved or admitted in any other court within the
> United States by the attestation of the clerk and the seal of the court annexed,
> if there is a seal, together with a certificate of the judge, Chief Justice or
> presiding magistrate that the said attestation is in due form.

§ 12-21-70, Ala. Code 1975.

> Rule 44(a)(1) of the Alabama Rules of Civil Procedure provides in pertinent part:
>
> An official record kept within the United States, or any state … thereof, …
> when admissible for any purpose, may be evidenced by an official
> publication thereof or by a copy attested by a person purporting to be the
> officer having the legal custody of the record, or his deputy.  If the official
> record is kept without the state, the copy shall be accompanied by a certificate
> under oath of such person that he is the legal custodian of such record and
> that the laws of the state require the record to be kept.

Ala.R.Civ.P. 44(a)(1).

In *Ervin v. State*, 630 So. 2d 115 (Ala. Crim. App. 1992), the Alabama Court of

Criminal Appeals recognized that, for purposes of Alabama's HFOA, a prior conviction

---

[4] The out-of-state felony convictions relied on by the trial court to enhance Price's sentence under the HFOA were a 1987 Seminole County, Georgia conviction for cocaine possession and a 1988 Gadsden County, Florida conviction for strong-arm robbery. The trial court also relied on a third conviction, Price's 1996 Alabama conviction for first-degree robbery, in sentencing Price under the HFOA.  *See* Doc. 12-1 at 84–87.

may be proved as provided by § 12-21-70 or by Ala.R.Civ.P. 44(a)(1).  630 So. 2d at 119.

Price argues that the records from his Georgia and Florida convictions submitted by the

State did not include the attestations required by § 12-21-70 and Rule 44(a)(1) and thus

were not admissible under either provision to prove his prior convictions.  *See* Doc. No. 1-

1 at 13–15 & 30–31.

Addressing this claim in Price's Rule 32 petition, the trial court found that the State

had submitted certified copies of the records from Price's Georgia and Florida convictions

that complied with Alabama law under § 13A-5-10.1, Ala. Code 1975.  Doc. No. 12-15 at

36; Doc. No. 12-19 at 7.  The trial court stated:

> It affirmatively appears that the record indicates that all prior convictions
> admitted in the present case were stamped certified by the Clerk of Court
> from the respective jurisdictions and issued and signed by the proper court
> officials.

Doc. No. 12-15 at 36.  Thus, the trial court held that Price did not sustain his claim that his

trial counsel was ineffective for failing to investigate and object to admission of the records

of his Georgia and Florida convictions based on the alleged inadequacies in their

certification.  *See* Doc. No. 12-15 & 12-19.  In affirming the Rule 32 court's judgment, the

Alabama Court of Criminal Appeals held that Price failed to satisfy the *Strickland* standard

for ineffective assistance claims and was therefore entitled to no relief on this claim.  Doc.

No. 12-20 at 3.

Section 13A-5-10.1(a), Ala. Code 1975, provides that "[c]ertified copies of case

actions summary sheets, docket sheets, or other records of the court are admissible for the

purposes of proving prior convictions of a crime, if the prior conviction is otherwise

admissible under the laws of this state." § 13A-5-10.1(a), Ala. Code 1975. Here, the documents offered to prove Price's out-of-state convictions were certified by the clerks of the Georgia and Florida courts of conviction, they contained Price's name and the felony offenses for which he was convicted, and they reflected that Price was represented by counsel in the proceedings. *See* Doc. No. 12-1 at 50–51, 71–72 & 81–86. The Rule 32 court found that these records complied with Alabama law under § 13A-5-10.1 and thus were properly admitted to prove Price's prior out-of-state convictions. Doc. No. 12-15 at 36; Doc. No. 12-19 at 7. The Rule 32 court's judgment was affirmed by the Alabama Court of Criminal Appeals. Doc. No. 12-20 at 3.

Price's instant claim that his trial counsel was ineffective for failing to investigate and challenge the admission of the records from his out-of-state convictions is premised on the assertion that the documents submitted by the State were inadmissible under Alabama law. However, because the state appellate court upheld the admissibility of the evidence, *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("federal habeas corpus relief does not lie for errors of state law"),[5] Price cannot demonstrate that he was prejudiced by his trial counsel's failure to investigate his out-of-state convictions and interpose an

---

[5] A state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988) (Federal courts are not empowered to "overturn [a state court's] interpretation of [its own] statutory scheme... . '[F]or state court construction of state law is binding on federal courts entertaining petitions for habeas relief.'"); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Pulley v. Harris*, 465 U.S. 37, 42 (1984) (perceived error of state law provides no basis for federal habeas relief); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.").

(continued…)

objection to their use on the grounds argued by Price.[6]  *See Debardelaben v. Price,* 2015 WL 1474615, at *26 (M.D. Ala. Mar. 31, 2015) (denying habeas relief on ineffective assistance of counsel claims related to admissibility and use of petitioner's prior federal convictions for sentence enhancement under Alabama's HFOA, because the federal district court must defer to state law determinations made by the Alabama Court of Criminal Appeals finding that copies of the prior federal convictions were properly certified under Alabama law); *see also Cook v. Alameida*, 232 F.3d 893, at *1 (9th Cir. 2000) (Table, Text in WESTLAW) (because state appellate court upheld admissibility under state law of exhibit containing documents related to petitioner's prior conviction, petitioner could not show he was prejudiced by his counsel's failure to object to admissibility of prior conviction and was not entitled to habeas relief on claim that counsel rendered ineffective assistance). Accordingly, the state court's rejection of Price's ineffective assistance of counsel claim was reasonable and consistent with *Strickland*.  *See* 28 U.S.C. § 2254(d)(1). Price is not entitled to habeas relief on Claim Two in his § 2254 petition.

### 3.   Claim Three (Sentencing Hearing)

Price claims that his trial counsel rendered ineffective assistance by failing to object to and preserve for appeal a challenge to the trial court's failure to hold a sentencing hearing.  *See* Doc. No. 1 at 8; Doc. No. 1-1 at 15–17 & 32–33.

Denying relief on this claim, which Price asserted in his Rule 32 petition, the trial court found that Price presented no evidence at the evidentiary hearing to substantiate the

---

[6] Price does not challenge the fact or validity of his Georgia and Florida convictions.

claim and failed to satisfy *Strickland*'s requirement of demonstrating both deficient performance by counsel and resulting prejudice.  Doc. No. 12-15 at 36; Doc. 12-19 at 6–7. The Alabama Court of Criminal Appeals affirmed the trial court's judgment.  Doc. No. 12-20 at 3.

After the jury returned its guilty verdict, Price's trial counsel requested a sentencing hearing.  Doc. No. 12-6 at 85.  The trial court, however, declined that request contingent upon the State's presentation of certified copies of Price's prior convictions, which the State then produced.  *Id*. at 85–87.  The record reflects that the State gave Price written notice prior to trial that it intended to invoke Alabama's HFOA using these prior convictions if Price was convicted.  Doc. No. 12-1 at 45.

Price maintains that he was entitled to a sentencing hearing under Rule 26.6(b)(1) of the Alabama Rules of Criminal Procedure because, he says, the trial court had discretion under Alabama's HFOA to sentence him either to life imprisonment or to life without parole for his robbery conviction with three prior felony convictions.  Doc. 1-1 at 16–17.

Rule 26.6.(b)(1) provides:

> Unless the court has no discretion as to the penalty to be imposed and no power to suspend execution of the sentence, the court shall conduct a sentence hearing in all felony cases, unless waived by the parties with consent of the court.  The sentence hearing may commence immediately after a determination of guilt or may be continued to a later date to be set by the court.  If a presentence report is required, the sentence hearing shall not be conducted until copies thereof have been made available or furnished to the court and the parties.

Ala.R.Crim.P. 26.6(b)(1).

Notwithstanding Price's claim, the trial court had no discretion as to Price's sentence. Price was convicted of two counts of first degree robbery in violation of § 13A-8-41(a)(1), Ala. Code 1975. First degree robbery is a Class A felony. *See* § 13A-8-41(c), Ala. Code 1975. Price had three prior felony convictions, one of which was a 1996 Alabama conviction for the Class A felony of first degree robbery. Under § 13A-5-9(c)(4) of Alabama's HFOA, a defendant previously convicted of any three felonies, where one or more of the prior convictions was a Class A felony, "must be punished by imprisonment for life without parole" upon conviction of a Class A felony. § 13A-5-9(c)(4), Ala. Code 1975. Thus, upon Price's conviction, the trial court had no discretion to impose a sentence other than life imprisonment. Price does not demonstrate that he was entitled to a sentencing hearing under Ala.R.Crim.P. 26.6(b)(1).

Moreover, Price has presented no evidence establishing that he was prejudiced because of the trial court's failure to hold a sentencing hearing. As discussed in Parts II.B.2 and II.B.4 of this Recommendation, a hearing regarding Price's prior Georgia and Florida felony convictions would only have established that those convictions could be used to enhance Price's sentence under Alabama's HFOA, and Price does not challenge the usability of his 1996 Alabama robbery conviction for the same purpose. For purposes of *Strickland*, then, Price fails to make a showing of how the lack of a sentencing hearing prejudiced him. Consequently, this claim of ineffective assistance of counsel fails. The state court reasonably determined that Price failed to establish prejudice resulting from his

counsel's alleged deficient performance in Claim Three.[7] Because the state court's decision was reasonable and consistent with *Strickland*, Price is not entitled to habeas relief on this claim.  28 U.S.C. § 2254(d)(1).

### 4.   Claim Four (Georgia Conviction for Cocaine Possession)

Price claims that his trial counsel rendered ineffective assistance by failing to object to the use of his 1987 Georgia conviction for possession of cocaine to enhance his sentence under Alabama's HFOA on the ground that the conduct underlying the Georgia conviction would not constitute a felony under Alabama law.  *See* Doc. No. 1 at 9; Doc. No. 1-1 at 17–19 & 34–35.  Price contends that, under Alabama law, when the State seeks to use a defendant's out-of-state felony conviction to enhance his sentence under the HFOA, the State must show that the conduct for which the defendant was previously convicted constituted a felony in Alabama when it was committed.  Doc. No. 1-1 at 17–19 & 34–35. According to Price, his 1987 Georgia conviction was for "possession of cocaine by consumption."  *Id.*  He argues that the consumption of a controlled substance, standing alone, is not felonious conduct under Alabama law and that his trial counsel should have objected on this ground to the use of his Georgia conviction to enhance his sentence under Alabama's HFOA.  *Id*.

Price presented this claim in his Rule 32 petition.  In denying relief on this claim, the trial court stated:

---

[7] Price contends that the actions of his trial counsel prevented his appellate counsel from challenging the trial court's failure to hold a sentencing hearing.  However, Price does not demonstrate how his appellate counsel was foreclosed from presenting this issue on appeal.  As noted above, Price's trial counsel requested a sentencing hearing, which was denied by the trial court.

> The Defendant contends that he was denied effective assistance of counsel because counsel failed to object to the Circuit Court's use of an out-of-state [Georgia] felony conviction.  [H]e contends Alabama does not recognize the underlying offense as a felony.  At the evidentiary hearing, no evidence was presented to compare the Alabama statutes to the Georgia statutes and no credible evidence was produced which would substantiate the basis for an objection.  Accordingly, the Court finds that there is no basis for this asserted ground.

Doc. 12-19 at 7.  The Alabama Court of Criminal Appeals affirmed the trial court's judgment, finding that Price failed to satisfy the *Strickland* standard for claims of ineffective assistance of counsel.  Doc. No. 12-20 at 3.

Under Alabama law, "[i]n determining whether an out-of-state conviction will be used to enhance punishment pursuant to the HFOA, the conduct upon which the foreign conviction is based must be considered and not the foreign jurisdiction's treatment of that conduct."  *Daniels v. State*, 621 So.2d 335, 342 (Ala. Crim. App. 1992).  "[W]hether the conduct upon which the foreign conviction was based constituted a felony in Alabama at the time the conduct occurred is irrelevant. Rather, pursuant to Rule 26.6(b)(3)(iv), Ala.R.Crim.P., the proper inquiry is whether the conduct upon which the foreign conviction was based would have been a felony in Alabama had it been committed on or after January 1, 1980."  *Ginn v. State*, 894 So.2d 793, 800 (Ala. Crim. App. 2004).  Rule 26.6(b)(3)(iv) provides:

> Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980; and further, a conviction of a crime against the United States shall be considered to be a felony conviction if that crime is punishable by imprisonment in excess of one (1) year under federal

17

law, and was so punishable at the time of its commission, even if the conduct made the basis of that conviction would not be punishable under Alabama law.

Ala.R.Crim.P. 26.6(b)(3)(iv).

Price's 1987 Georgia conviction was pursuant to a guilty plea to possession of cocaine in violation of the Georgia Controlled Substances Act ("G.C.S.A."), an offense proscribed by O.C.G.A. § 16-13-30(a). *See* Doc. No. 12-1 at 50–51 & 71. Simple possession of any amount of cocaine is proscribed by § 16-13-30(a), which provides: "Except as authorized by this article, it is unlawful for any person to purchase, possess, or have under his control any controlled substance." *Howard v. State*, 220 Ga. App. 579, 582, 469 S.E.2d 746, 749 (1996). Cocaine and its derivatives are listed in O.C.G.A. § 16-13-26(1)(D) as Schedule II controlled substances, and cocaine is classified in O.C.G.A. § 16-13-21(17)(D) as a controlled substance that is a narcotic drug. Violation of O.C.G.A. § 16-13-30(a) is punishable as a felony. *See* O.C.G.A. § 16-13-30(a). For his cocaine possession conviction, Price was sentenced by the Superior Court of Seminole County, Georgia, to 10 years in prison. Doc. No. 12-1 at 50–51 & 71.

Under Alabama law, the unlawful possession of a controlled substance, including any amount of cocaine, is a Class D felony under § 13A-12-212, Ala. Code 1975. *See* § 13A-12-212(a)(1), Ala. Code 1975 ("A person commits the crime of unlawful possession of controlled substance if … except as otherwise authorized, he or she possesses a controlled substance enumerated in Schedules I through V."); § 20-2-25(1)(d), Ala. Code 1975 (defining cocaine as Schedule II controlled substance); § 13A-12-212(a)(b), Ala. Code 1975 ("Unlawful possession of a controlled substance is a Class D felony.").

18

As indicated above, Price contends that his 1987 Georgia conviction was for "possession of cocaine by consumption," and he suggests the Georgia conviction was predicated entirely on a urinalysis test result showing the presence of cocaine in his urine sample. *See* Doc. No. 1-1 at 17–19 & 34–35. Price argues that the conduct for which he was convicted in the Georgia court amounted solely to his having been found to have consumed cocaine (as indicated by a urine test), and that, under Alabama law, there is no felony statute criminalizing the mere consumption of cocaine. *Id*. Accordingly, he says, the conduct upon which his Georgia conviction was based would not have been a felony in Alabama. He argues that his trial counsel was therefore ineffective for failing to object on this ground to the use of his Georgia conviction to enhance his sentence under Alabama's HFOA. *Id*.

Price's claim about the nature of his Georgia conviction is based largely on a statement by the prosecutor to the trial court near the end of the June 1987 guilty plea hearing in which Price pleaded guilty to possession of cocaine in violation of the Georgia Controlled Substances Act. After telling the court that the plea agreement in the case had been recommended by the sheriff's department and the Georgia Bureau of Investigation, the prosecutor stated, "This is a urine sample case on cocaine.' Doc. No. 48-6 at 4. In the context of the proceedings, it is not evident that the prosecutor meant this statement to represent the factual basis—or at least not the entire factual basis—for Price's guilty plea. In any event, the offense to which Price pleaded guilty was possession of cocaine. Price points to no Georgia statute addressed to "possession of cocaine by consumption," and he presents no evidence that the controlled substance possession criminalized under the

19

Georgia Controlled Substances Act is defined differently from the controlled substance possession made a felony under Alabama law.  Indeed, while Georgia courts have held that the presence of cocaine in an individual's urine or other body fluids may constitute circumstantial or indirect evidence that the individual possessed cocaine, the Georgia courts view such evidence as bearing on the question whether the individual ingested cocaine sometime in the immediate past before the urine sample was given "and *had therefore possessed the cocaine he subsequently ingested.*"  *Green v. State*, 260 Ga. 625, 625-26, 398 S.E.2d 360, 361–62 (1990) (emphasis added); *see also Aldridge v. State*, 237 Ga. App. 209, 212, 515 S.E.2d 397, 401 (1999) (presence of drugs in defendant's system authorized jury to infer that defendant previously possessed the drugs ingested); *West v. State*, 288 Ga. App. 566, 567, 654 S.E.2d 463, 464–65 (2007) (presence of methamphetamine in urine was circumstantial evidence that defendant knowingly possessed the drug, which, in addition to defendant's admission to police that he had used methamphetamine, would support jury verdict finding that defendant possessed methamphetamine before ingesting it).

Thus, whether or not the Georgia cocaine possession charge against Price was based in part on the test results of a urine sample indicating the presence of cocaine, any conviction for that offense—including Price's guilty plea conviction—is a conviction for having actually possessed cocaine (which, as in Price's case, may have been subsequently ingested).  Price's conviction, then, was not for merely his having cocaine detected in his urine sample; it was premised on his having in fact possessed cocaine, which he may have then ingested and which may have then been detected in his urine.  This "drug possession

before ingestion" criminalized under Georgia's controlled substance laws is no different from the drug possession criminalized under Alabama's controlled substance laws. Accordingly, the conduct upon which Price's Georgia conviction was based—possession of cocaine—would have been a felony had it been committed in Alabama. Therefore, an objection by Price's counsel to use of the Georgia conviction for HFOA enhancement on the ground asserted by Price would have lacked merit. Counsel cannot be ineffective for failing to present a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

For purposes of *Strickland*, Price fails to make a showing of deficient performance by counsel or resulting prejudice. The state court reasonably determined that Price failed to demonstrate ineffective assistance of counsel in Claim Four. Because the state court's decision was reasonable and consistent with *Strickland*, Price is not entitled to habeas relief on this claim. 28 U.S.C. § 2254(d)(1).

### 5.   Claim Five (Prior Bad-Act Evidence)

Price claims that his trial counsel rendered ineffective assistance by failing to object under Ala.R.Evid. 404(b) to the admission of prior bad act evidence regarding his 1996 Alabama conviction for bank robbery.[8]  *See* Doc. No. 1-1 at 6, 20–23 & 36–38.

---

[8] Rule 404(b), Ala. R. Evid., provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of

(continued…)

Price raised this claim in his Rule 32 petition.  In rejecting the claim, the trial court found that Price offered no evidence at the evidentiary hearing to support the claim and that, accordingly, there was no factual basis for the claim.  Doc. No. 12-19 at 7.  The Alabama Court of Criminal Appeals affirmed the trial court's judgment, holding that Price had not satisfied the *Strickland* standards for claims of ineffective assistance of counsel. Doc. No. 12-20 at 3.

In the instant case, Price was convicted of the January 29, 2007, robbery of a Shell Food Mart and the January 31, 2007, robbery of an Ameris Bank, both in Dothan, Alabama. The record reflects that in a pretrial motion in limine, Price's trial counsel moved to prevent the State from presenting any evidence about Price's 1996 bank robbery conviction, arguing that the prejudicial effect of such evidence outweighed its probative value.  Doc. No. 12-1 at 41; Doc. No. 12-3 at 24–25.  Price's counsel later reargued the motion *in limine* at trial.  Doc. No. 12-6 at 76; Doc. No. 12-7 at 6–7.  The trial court denied the motion *in limine*.  Doc. No. 12-6 at 76; Doc. No. 12-7 at 7.  Thus, Price is incorrect in alleging that his trial counsel failed to challenge the admission of evidence regarding his prior robbery conviction.

On direct appeal, Price argued that the trial court erroneously denied his trial counsel's motion *in limine* to prevent the State from presenting evidence about his 1996

---

trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Ala.R.Evid. 404(b).  "'Rule 404(b) is a principle of limited admissibility.  This means that the offered evidence is inadmissible for one broad, impermissible purpose, but is admissible for one or more other limited purposes.'"  *Taylor v. State*, 808 So.2d 1148, 1165 (Ala. Crim. App. 2000), aff'd, 808 So.2d 1215 (Ala. 2001) (quoting C. Gamble, *McElroy's Alabama Evidence* § 69.01 (5th ed. 1996)).

robbery conviction, specifically testimony by Investigator Frank Meredith of the Dothan Police Department about Price's statement to him in which Price referred to the prior robbery conviction.  *See* Doc. No. 12-8.  Meredith investigated the two Dothan robberies that Price was charged with in the instant case.  Doc. No. 12-6 at 69.  At trial, Meredith testified that, in investigating the robberies, he went to Donalsonville, Georgia,[9] where he spoke to Price at the Seminole County Sheriff's Office (after Price waived his *Miranda* rights) and told Price that his name had come up in his investigation of the recent robberies. *Id*. at 71; Doc. No. 12-7 at 8.  Meredith testified that he had received information about the 1996 robbery of a SouthTrust Bank in Dothan, for which Price had been found guilty and in which Price had used the same type of Harvey's Supermarket plastic bags as those used during the two instant robberies.  Doc. No. 12-6 at 79 & 86.  Meredith testified that Price gave a statement in which Price told him he had done time for robbery and that he was not stupid enough to do it again.  Doc. No. 12-7 at 8.

The Alabama Court of Criminal Appeals addressed Harvey's claim about the admission of prior bad act evidence as follows:

> The appellant argues that the trial court erroneously denied his motion in limine to prevent Meredith from testifying about his statement regarding the prior robbery. Specifically, he contends that his statement constituted improper character evidence and that the evidence was highly prejudicial.
>
> On direct examination, Meredith testified that the appellant told him he had done prison time for robbery, that he was not stupid enough to do it again, that he had been straight since he got out of jail six months before, that he had not been involved in the robberies, and that he was home during the time of the robberies except for a short period when he left to pay a utility

---

[9] Price resided in Donalsonville when Meredith went there to talk to him.

bill.  During defense counsel's cross-examination of Meredith, the following
occurred:

> "[DEFENSE COUNSEL:]  And really what prompted
> this whole trip to Donalsonville was simply the Harvey's
> grocery store bags; is that correct?
>
> "[WITNESS:]  Can I answer that the way he's asking?
>
> "THE COURT: You can answer it however you want
> to.
>
> "[WITNESS:] No.  The reason why we went over there
> is we received information about a bank robbery in 1996 that
> Mr. Price was found guilty of where a same green and white
> Harvey's grocery bag was used in that robbery.  And the—"

(R. 295.)  Defense counsel objected to the testimony, but the trial court
overruled his objection, stating that defense counsel's questioning had
"opened the door."  Meredith then continued his testimony as follows:

> "[WITNESS:]  From 1996 where a green and white
> Harvey's bag was used in the bank robbery of Southtrust Bank.
> Mr. Price was convicted of it. He wore clothing which he
> ditched on the way back to Georgia after the robbery.  Said the
> same words to the teller from 1996 as he did with Ms. West in
> this bank robbery. We spoke with [Dale] Swanner [an
> investigator with the Seminole County Sheriff's Office] and
> [Perry] Price [another law enforcement officer], who both
> watched the video who immediately said—
>
> "[DEFENSE COUNSEL]:  Can I object on hearsay?
>
> "THE COURT:  Overruled, [defense counsel].
>
> "[WITNESS:] —who immediately said that is the same
> body stature, height, weight, same walk as James Price, plus,
> he lived across the street from Harvey's Grocery Store."

(R. 297.)

> "[Evidence] that may be inadmissible may be rendered harmless by
> prior or subsequent lawful testimony to the same effect or from which the

same facts can be inferred." *White v. State*, 650 So. 2d 538, 541 (Ala. Crim. App. 1994), overruled on other grounds, *Ex parte Rivers*, 669 So. 2d 239 (Ala. Crim. App. 1995). In this case, any testimony regarding the appellant's statement that he had been incarcerated for a prior robbery was, at most, cumulative to Meredith's testimony on cross examination regarding the 1996 robbery. Also, the State presented overwhelming evidence, including video recordings of the robberies and eyewitness identifications, as to the appellant's guilt in both of the present cases. After reviewing the entire record as a whole, "is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty" even without the admission of the statement about the prior robbery. *United States v. Hasting*, 461 U.S. 499, 510, 103 S. Ct. 1974, 76 L. Ed. 2d 96 (1983). *See also Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed.2d 705 (1967). Under these circumstances, error, if any, in the admission of the appellant's statement to Meredith was harmless. *See* Rule 45, Ala.R.App.P.

Doc. No. 12-10 at 5–7 (footnote omitted).

The record reflects that Price's trial counsel fought to keep out evidence of Price's prior robbery conviction, through filing his pretrial motion *in limine* and by rearguing the motion *in limine* twice during trial. Doc. No. 12-1 at 41; Doc. No. 12-3 at 24–25; Doc. No. 12-6 at 76; Doc. No. 12-7 at 6–7. Thus, trial counsel did all he could do to prevent the evidence from coming in during the State's direct examination of Meredith. Any further testimony about the prior conviction was cumulative of the testimony that Price's counsel attempted to keep out through his motion *in limine* and his arguments to support that motion. Under the circumstances, Price fails to establish that his trial counsel's performance in this regard was professionally unreasonable. Under *Strickland*, this forecloses habeas relief on Price's claim of ineffective assistance of counsel.

Moreover, Price does not demonstrate the inadmissibility, on the issue of identity, of the evidence about his prior robbery—where he used Harvey's Supermarket bags like those used in the commission of the two recent robberies, ditched clothing after the robbery

25

as evidence suggested he did in the instant robberies, and used the same words to the bank teller that were used to the bank teller by the person who committed the instant bank robbery.  Regarding Ala.R.Evid. 404(b), evidence of prior crimes may be used to prove identity when there is a significant degree of similarity between the circumstances surrounding the prior crime and those surrounding the presently charged crime.  *See Windsor v. State*, 110 So. 3d 876, 881–82 (Ala. Crim. App. 2012).

Finally, after reviewing the record as a whole, this court agrees with the Alabama Court of Criminal Appeals' holding in its opinion in Price's direct appeal that the State presented overwhelming evidence of Price's guilt in both of the instant robberies, so that it is clear beyond a reasonable doubt that the jury would have returned guilty verdicts even without the admission of evidence of Price's prior robbery.  *See* Doc. No. 12-10 at 6–7.

For purposes of *Strickland*, Price fails to make a showing of deficient performance by counsel or resulting prejudice. In particular, and as noted above, Price does not demonstrate that his counsel's efforts to exclude evidence of his prior robbery conviction were professionally unreasonable.  The state court reasonably determined that Price failed to demonstrate ineffective assistance of counsel in Claim Five.  Because the state court's decision was reasonable and consistent with *Strickland*, Price is not entitled to habeas relief on this claim.  28 U.S.C. § 2254(d)(1).

### 6.   Claim Six (Appellate Counsel's "Waiver of Claims")

Price claims that his appellate counsel rendered ineffective assistance by violating Ala.R.App.P. 28(a)(10) in preparing his appellate brief, thereby waiving Price's claims

regarding the trial court's failure to give his requested jury instructions and its denial of his motion to suppress a photographic lineup. *See* Doc. No. 1-1 at 7, 24–26 & 39–41.

The standards applicable to Price's claim of ineffectiveness against trial counsel apply equally to the charges leveled against his appellate counsel. *See Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991); *Orazio v. Dugger*, 876 F.2d 1508, 1513 (11th Cir. 1989). To prevail, Price must demonstrate both that his appellate counsel's performance fell below reasonable professional standards and that he was prejudiced by his counsel's substandard performance. *See Strickland*, 466 U.S. at 687.

In the brief filed with the Alabama Court of Criminal Appeals on direct appeal, Price's appellate counsel claimed that the trial court erred in refusing to give twenty-one of Price's requested jury instructions and in denying Price's motion to suppress a photographic lineup. *See* Doc. No. 12-8 at 11, 29 & 47–53. Addressing these claims in its opinion affirming Price's conviction and sentence, the Alabama Court of Criminal Appeals stated:

> [T]he appellant argues that the trial court erred when it refused to give twenty-one of his requested jury instructions. In his brief, he makes a bare assertion that the instructions he requested were not misleading, correctly stated the law of his case, and were supported by the evidence. However, he does not make any actual argument regarding the various requested jury instructions and why the trial court erred when it did not give each of those instructions. Therefore, his argument does not comply with Rule 28(a) (10), Ala. R. App. P., and we will not review it.
>
> *   *   *
>
> [T]he appellant argues that the trial court erred in denying his motions to suppress the photographic lineup. Although he makes a summary reference to a few facts in his brief, he does not cite any cases, statutes, or other authorities that support his contention. He also does not make any argument

27

regarding his claim.  Therefore, he has not complied with Rule 28(a)(10),
Ala. R. App. P., and we will not address this issue.

Doc. No. 12-10 at 17 & 20.

Rule 28(a)(10) of the Alabama Rule of Appellate Procedure requires that an

argument in an appellate brief "contain[ ] the contentions of the appellant/petitioner with

respect to the issues presented, and the reasons therefor, with citations to the cases, statutes,

other authorities, and parts of the record relied on."  Ala.R.App.P. 28(a)(10).

In his Rule 32 petition, Price argued (as he does now) that his appellate counsel

rendered ineffective assistance by failing to comply with Rule 28(a)(10) in presenting these

issues in his appellate brief.  In denying relief, the trial court found that Price offered no

evidence at the evidentiary hearing to support his claim that his appellate counsel was

ineffective.  Doc. No. 12-19 at 7.  Applying *Strickland*, the Alabama Court of Criminal

Appeals affirmed the trial court's judgment.  Doc. No. 12-20 at 3.

Addressing the alleged instances of the alleged ineffective assistance of Price's

appellate counsel, the lawyer who represented Price at the Rule 32 evidentiary hearing

appeared to acknowledge to the trial court that Price could not establish a successful claim

of error regarding the court's refusal to give various jury instructions requested by Price's

trial counsel:

> I think what would have to be done if you look at the actual jury charges that
> were requested, there were twenty-three in total.  Twenty-one were denied.
> But a review of the record actually reveals that those that were denied were
> essentially covered in the Court's oral charge.  And so they were denied.  In
> the transcript, they are denied on the basis that they are going to be given
> anyway.

Doc. No. 12-15 at 56.

Price's Rule 32 counsel offered no evidence on appellate counsel's alleged ineffectiveness for inadequately briefing Price's claim that the trial court erred in denying his motion to suppress the photographic lineup. In neither his Rule 32 petition nor his § 2254 petition does Price present an argument identifying any error in the trial court's refusal to give the requested jury instructions.  The same is true of Price's claim regarding the trial court's denial of his motion to suppress the photographic lineup: Price points to no basis upon which the photographic lineup should have been suppressed.  *See* Doc. No. 1-1 at 7, 24–26 & 39–41.  Consequently, even if Price could prove deficiency in his appellate counsel's failure to comply with Rule 28(a)(10) in presenting these claims of error in his appellate brief, Price cannot show prejudice.[10]  Simply put, there is no indication of error in the trial court's rulings on the requested jury instructions and suppression motion, nor is there any indication that, had these issues been fully briefed in Price's appellate brief, it would have changed the outcome of Price's appeal.  *See Johnson v. Alabama*, 256 F.3d 1156, 1188 (11th Cir. 2001) ("[T]here has been no showing regarding the effect, if any, that a different brief would have had on the outcome of proceedings.  [The petitioner], in short, does not establish a *Strickland* violation on the part of his appellate counsel.").

For purposes of the second prong of *Strickland*, Price wholly fails to make a showing of prejudice.  Consequently, this ineffective assistance of counsel claim fails.  The state court reasonably determined that Price failed to establish prejudice resulting from his

---

[10] The court notes that Price's appellate counsel presented four other claims that were fully addressed on the merits by the Alabama Court of Criminal Appeals.  The brief filed by Price's appellate counsel exceeded 50 pages in length, and the memorandum opinion of the Alabama Court of Criminal Appeals addressing the claims in appellate counsel's brief was 20 pages in length.  *See* Doc. Nos. 12-8 & 12-10.

appellate counsel's alleged deficient performance in Claim Six.  Because the state court's decision was reasonable and consistent with *Strickland*, Price is not entitled to habeas relief on this claim.  *See* 28 U.S.C. § 2254(d)(1).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as Price's claims do not entitle him to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 11, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).

Done, on this the 28th day of March, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge