IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES ANTHONY PRICE,        )
                             )
         Petitioner,      )
     v.                     )   Civil Action No. 1:13cv921-WHA
                             )
LEON BOLLING, *et al.*,        )
                             )
         Defendants.    )

## ORDER

This case is now before the court on the Recommendation of the Magistrate Judge entered on March 28, 2018 (Doc. #58) and the Petitioner's Objection filed on May 24, 2018 (Doc. #66). Through newly retained counsel, § 2254 petitioner Price has filed Objections to the Recommendation that Price's § 2254 petition be denied. The only specific claims argued by counsel in the Objections are (1) the claim that Price's trial counsel rendered ineffective assistance by failing to object to using Price's 1987 Georgia conviction for possession of cocaine to enhance his sentence under Alabama's HFOA on the ground that the conduct underlying the Georgia conviction would not constitute a felony under Alabama law; and (2) the claim that Price's trial counsel rendered ineffective assistance by failing to object to and preserve for appeal a challenge to the trial court's failure to hold a sentencing hearing.

In his pro se objections (Doc. #66-2), Price challenges the Recommendation's findings and conclusions regarding all 6 claims in his habeas petition. Below, each of Price's claims is noted and is then followed by a summary of how each claim was addressed in the Recommendation.

     **1. Price claims his trial counsel rendered ineffective assistance by withdrawing a request for a preliminary hearing without his consent**.

Although Price cites to case law containing general propositions about the possible value preliminary hearings may have for criminal defendants, he fails to explain what he intended a preliminary hearing to accomplish in his case, and he does not suggest how a preliminary hearing would have assisted in his defense.

> **2. Price claims his trial counsel rendered ineffective assistance by failing to investigate and challenge the use of his out-of-state felony convictions from Georgia and Florida to enhance his sentence under Alabama's Habitual Felony Offender Act ("HFOA"). According to Price, the records from his Georgia and Florida convictions submitted by the State to support the HFOA enhancement failed to comply with the certification requirements under Alabama law for proving out-of-state convictions set forth in § 12-21-70, Ala. Code 1975, and Ala. R. Civ. P. 44(a)(1).**

Price's claim that his trial counsel was ineffective for failing to investigate and challenge the admission of the records from his out-of-state convictions is premised on the assertion that the documents submitted by the State were inadmissible under Alabama law. However, because the state appellate court upheld the admissibility of the evidence, *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("federal habeas corpus relief does not lie for errors of state law"), Price cannot demonstrate that he was prejudiced by his trial counsel's failure to investigate his out-of-state convictions and interpose an objection to their use on the grounds argued by Price. *See Debardelaben v. Price,* 2015 WL 1474615, at *26 (M.D. Ala. Mar. 31, 2015) (denying habeas relief on ineffective assistance of counsel claims related to admissibility and use of petitioner's prior federal convictions for sentence enhancement under Alabama's HFOA, because the federal district court must defer to state law determinations made by the Alabama Court of Criminal Appeals finding that copies of the prior federal convictions were properly certified under Alabama law); *see also Cook v. Alameida*, 232 F.3d 893, at *1 (9th Cir. 2000) (Table, Text in WESTLAW) (because state appellate court upheld admissibility under state law of exhibit containing documents related to petitioner's prior conviction, petitioner could not show he was prejudiced by his

counsel's failure to object to admissibility of prior conviction and was not entitled to habeas relief on claim that counsel rendered ineffective assistance).

### 3. Price claims that his trial counsel rendered ineffective assistance by failing to object to and preserve for appeal a challenge to the trial court's failure to hold a sentencing hearing, which he says violated Ala. R. Crim. P. 26.6(b)(1).

After the jury returned its guilty verdict, Price's trial counsel requested a sentencing hearing. The trial court, however, declined that request contingent upon the State's presentation of certified copies of Price's prior convictions, which the State then produced. The record reflects that the State gave Price written notice prior to trial that it intended to invoke Alabama's HFOA using these prior convictions if Price was convicted. Price was convicted of two counts of first-degree robbery in violation of § 13A-8-41(a)(1), Ala. Code 1975. First-degree robbery is a Class A felony. *See* § 13A-8-41(c), Ala. Code 1975. Price had three prior felony convictions, one of which was a 1996 Alabama conviction for the Class A felony of first-degree robbery. Under § 13A-5-9(c)(4) of Alabama's HFOA, a defendant previously convicted of any three felonies, where one or more of the prior convictions was a Class A felony, "must be punished by imprisonment for life without parole" upon conviction of a Class A felony. § 13A-5-9(c)(4), Ala. Code 1975. Upon Price's conviction, the trial court had no discretion to impose a sentence other than life imprisonment. Price does not demonstrate that he was entitled to a sentencing hearing under Ala. R. Crim. P. 26.6(b)(1).

Moreover, Price presented no evidence establishing that he was prejudiced because of the trial court's failure to hold a sentencing hearing. A hearing regarding Price's prior Georgia and Florida felony convictions would only have established that those convictions could be used to enhance Price's sentence under Alabama's HFOA, and Price does not challenge the usability of

his 1996 Alabama robbery conviction for the same purpose. For purposes of *Strickland*, Price fails to make a showing of how the lack of a sentencing hearing prejudiced him.

**4. Price claims his trial counsel rendered ineffective assistance by failing to object to using his 1987 Georgia conviction for possession of cocaine to enhance his sentence under Alabama's HFOA on the ground that the conduct underlying the Georgia conviction would not constitute a felony under Alabama law. According to Price, his 1987 Georgia conviction was for "possession of cocaine by consumption." He argues that the consumption of a controlled substance, standing alone, is not felonious conduct under Alabama law and that his trial counsel should have objected on this ground to using his Georgia conviction to enhance his sentence under Alabama's HFOA.**

Price states his Georgia conviction was predicated entirely on a urinalysis test result showing the presence of cocaine in his urine sample. He argues that the conduct for which he was convicted in the Georgia court amounted solely to having been found to have consumed cocaine (as indicated by a urine test) and that, under Alabama law, there is no felony statute criminalizing the mere consumption of cocaine.

The Georgia offense to which Price pleaded guilty was possession of cocaine. Price points to no Georgia statute addressed to "possession of cocaine by consumption," and he presents no evidence that the controlled substance possession criminalized under the Georgia Controlled Substances Act is defined differently than the controlled substance possession made a felony under Alabama law. While Georgia courts have held that the presence of cocaine in an individual's urine or other body fluids may constitute <u>circumstantial or indirect evidence that the individual possessed cocaine</u>, the Georgia courts view such evidence as bearing on the question whether the individual ingested cocaine some time in the immediate past before the urine sample was given "and *had therefore possessed the cocaine he subsequently ingested.*" *Green v. State*, 260 Ga. 625, 625-26, 398 S.E.2d 360, 361–62 (1990) (emphasis added); *see also Aldridge v. State*, 237 Ga. App. 209, 212, 515 S.E.2d 397, 401 (1999) (presence of drugs in defendant's system authorized jury to

infer that defendant previously possessed the drugs ingested); *West v. State*, 288 Ga. App. 566, 567, 654 S.E.2d 463, 464–65 (2007) (presence of methamphetamine in urine was circumstantial evidence that defendant knowingly possessed the drug, which, in addition to defendant's admission to police that he had used methamphetamine, would support jury verdict finding that defendant possessed methamphetamine before ingesting it).

Thus, whether or not the Georgia cocaine possession charge against Price was based in part on the test results of a urine sample indicating the presence of cocaine, any conviction for that offense—including Price's guilty plea conviction—is a conviction for having actually possessed cocaine (which, as in Price's case, may have been subsequently ingested).  Price's conviction, then, was not for merely having cocaine detected in his urine sample; <u>it was premised on his having in fact possessed cocaine, which he may have then ingested and which may have then been detected in his urine</u>.  This "drug possession before ingestion" criminalized under Georgia's controlled substance laws does not differ from the drug possession criminalized under Alabama's controlled substance laws.  Accordingly, the conduct upon which Price's Georgia conviction was based—possession of cocaine—would have been a felony had it been committed in Alabama.  Therefore, an objection by Price's counsel to use of the Georgia conviction for HFOA enhancement on the ground asserted by Price would have lacked merit.

> **5.  Price claims his trial counsel rendered ineffective assistance by failing to object under Ala. R. Evid. 404(b) to the admission of prior bad-act evidence regarding his 1996 Alabama conviction for bank robbery**.

The record reflects that Price's trial counsel fought to keep out evidence of Price's prior robbery conviction, through a pretrial motion in limine and by rearguing the motion in limine twice during trial.  Thus, trial counsel did all he could do to prevent the evidence from coming in during the State's direct examination of the police officer.  Any further testimony about the prior

conviction was cumulative of the testimony that Price's counsel attempted to keep out through his motion limine and his further arguments to support that motion. Under the circumstances, Price fails to establish that his trial counsel's performance was professionally unreasonable. Under *Strickland*, this forecloses habeas relief on Price's claim of ineffective assistance of counsel.

Moreover, Price does not demonstrate the inadmissibility, on the issue of identity, of the evidence about his prior robbery—where he used Harveys Supermarket bags like those used in the commission of the two recent robberies, ditched clothing after the robbery as evidence suggested he did in the instant robberies, and used the same words to the bank teller used to the bank teller by the person who committed the instant bank robbery. Regarding Ala. R. Evid. 404(b), evidence of prior crimes may be used to prove identity when there is a significant degree of similarity between the circumstances surrounding the prior crime and those surrounding the presently charged crime. *See Windsor v. State*, 110 So. 3d 876, 881–82 (Ala. Crim. App. 2012).

Finally, after reviewing the record as a whole, this court agrees with the Alabama Court of Criminal Appeals' holding in its opinion in Price's direct appeal that the State presented overwhelming evidence of Price's guilt in both of the instant robberies, so that it is clear beyond a reasonable doubt that the jury would have returned guilty verdicts even without the admission of evidence of Price's prior robbery.

**6. Price claims that his appellate counsel rendered ineffective assistance by violating Ala.R.App.P. 28(a)(10) in preparing his appellate brief, waiving Price's claims regarding the trial court's failure to give his requested jury instructions and its denial of his motion to suppress a photographic lineup.**

Price's Rule 32 counsel offered no evidence on appellate counsel's alleged ineffectiveness for inadequately briefing Price's claim that the trial court erred in denying his motion to suppress the photographic lineup. In neither his Rule 32 petition nor his § 2254 petition does Price present an argument identifying any error in the trial court's refusal to give the requested jury instructions.

The same is true of Price's claim regarding the trial court's denial of his motion to suppress the photographic lineup: Price points to no basis upon which the photographic lineup should have been suppressed. Consequently, even if Price could prove deficiency in his appellate counsel's failure to comply with Rule 28(a)(10) in presenting these claims of error in his appellate brief, Price cannot show prejudice. There is no indication of error in the trial court's rulings on the requested jury instructions and suppression motion; nor is there any indication that, had these issues been fully briefed in Price's appellate brief, it would have changed the outcome of Price's appeal. *See Johnson v. Alabama*, 256 F.3d 1156, 1188 (11th Cir. 2001) ("[T]here has been no showing regarding the effect, if any, that a different brief would have had on the outcome of proceedings. [The petitioner], in short, does not establish a *Strickland* violation on the part of his appellate counsel."). For purposes of the second prong of *Strickland*, Price wholly fails to make a showing of prejudice.

For the foregoing reasons, after conducting a *de novo* and independent review of the file in this case, the court agrees with the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1.      Petitioner's Objection (Doc. #66) is OVERRULED;

2.      The court ADOPTS the Recommendation of the Magistrate Judge (Doc. #58);

3.      The petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and this case is DISMISSED with prejudice.

DONE this 3rd day of August, 2018.


_____/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE